UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **LEONARD LEWIS**    DOC # 553333 | : | CIVIL ACTION NO. 2:15-cv-1918    SECTION P |
| **VERSUS** | : | JUDGE MINALDI |
| **N. BURL CAIN** | : | MAGISTRATE JUDGE KAY |

### REPORT AND RECOMMENDATION

Before the court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed by *pro se* plaintiff Leonard Lewis ("Lewis"). The petitioner is an inmate in the custody of the Louisiana Department of Public Safety and Corrections and is incarcerated at Louisiana State Penitentiary at Angola, Louisiana.

On March 8, 2016, this court ordered Lewis to clarify his intentions from a letter to the clerk [doc. 10] by moving to either lift the stay imposed or dismiss the case without prejudice by March 22, 2016. Doc. 11. He was warned that failure to comply would result in a dismissal of his case without prejudice. *Id.* We have record of no further communication from Lewis and the compliance deadline has passed.

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "[i]f the plaintiff fails to prosecute or to comply with . . . a court order." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co*., 82 S.Ct. 1386, 1388–90. (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 1388.

Therefore,

**IT IS RECOMMENDED** that Lewis's complaint be **DISMISSED WITHOUT PREJUDICE** in accordance with the provisions of FED. R. CIV. P. Rule 41(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Ass'n*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers this 24th day of March, 2016.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE